THE PEOPLE OF THE STATE OF NEW YORK EX REL. DANIEL E. SUTLIFF, RESPONDENT, v. THE BOARD OF SUPERVISORS OF FULTON COUNTY, APPELLANT.

Certiorari *to a board of supervisors — the board is entitled to a fee for making a return thereto — its amount.*

Daniel E. Sutliff, who had presented claims to a board of supervisors for audit and allowance, which were in part rejected, sought to review the action of the board by *certiorari.* The board refused to make a return to the writ unless paid the legal fees for such an act.

*Held,* that, to make a return to such a writ was not a duty imposed by law upon a board of supervisors within the meaning of section 3280 of the Code of Civil Procedure, providing that "Each public officer, upon whom a duty is expressly imposed by law, must execute the same without fee or reward, except where a fee or other compensation therefor is expressly allowed by law."

That a board of supervisors was "a person" within section 2005, requiring a person upon whom such a writ is served to make a return upon payment or tender of the legal fees, and was entitled to a fee for making such a return.

That the amount of the fee was fixed by section 2135.

APPEAL by the defendant, the Board of Supervisors of Fulton County, from an order of the Supreme Court, entered in the office of the clerk of the county of Fulton on the 22d day of March, 1892, requiring it to file a return to a writ of *certiorari,* or show cause why it, and its several members, should not be punished for a contempt.

*N. H. Anibal* and *J. A. Dennison*, for the appellant.

*John M. Carroll*, for the respondent.

HERRICK, J. :

The relator presented to the Board of Supervisors of Fulton two verified claims for audit and allowance. After investigation the board rejected the greater portion of such claims ; the relator subsequently commenced proceedings to review the action of the defendant, the board of supervisors, and a writ of *certiorari* was granted by the Supreme Court, directed to the defendant, for the purpose of reviewing its proceedings upon the audit of such claims.

The defendant prepared the return to said writ, but refused to file the same until the fees, it claimed were allowed by law, were paid by the relator. The relator claimed the defendant was not entitled to any fees whatever for preparing and filing such return, and refused to pay any.

An order was granted at the Special Term requiring the defendant to file such return without the payment of any fees, and from such order the defendant appeals to this court.

The relator cites section 3280 of the Code of Civil Procedure as authority for the non-payment of fees ; that section reads in part as follows : " Each public officer upon whom a duty is expressly imposed by law, must execute the same, without fee or reward, except where a fee or other compensation therefor is expressly allowed by law."

I do not think obedience to a process of the court comes within the provisions or meaning of this section ; it is not a duty expressly imposed upon them by law as public officers ; it is not an official duty ; the section refers only to official duties.

But assuming that obedience to such writ does come within the meaning of section 3280, still there is a fee or other compensation allowed by law for making a return to a writ of *certiorari*.

Section 2005 of the Code of Civil Procedure reads as follows : "A person upon whom a writ of *certiorari*, issued as prescribed in this title, is served, must, in like manner, upon payment or tender of the fees allowed by law for making a return to the writ, and for copying the warrant or other process or proceeding to be annexed thereto, obey and return the writ, according to the exigency thereof."

Under the name "person" is included not only a natural, but an artificial person, corporation, and bodies corporate, whether municipal or otherwise. The board of supervisors in making a return necessarily acts through its officers and employees, and it is just as much entitled to the fees and compensation for making a return as a natural person. The only open question is, what is the fee? While the section I have quoted recognizes the fact that there is a legal fee allowed by law for making the return, I have been cited to no statute specifically stating what that fee is, unless it is section 2135 of the Code of Civil Procedure; that seems to fix the amount legally payable for making a return; and, in the absence of any other statute, we must be guided by that; the fee that is lawful for one class of persons to charge and receive must be the legal and proper fee for others to charge and receive for the same services.

There is no reason why any different rule should prevail as to boards of supervisors than prevails as to other persons against whom writs of *certiorari* issue.

The order of the Special Term should be reversed, with ten dollars costs and printing disbursements.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order reversed, with ten dollars costs and printing disbursements.